THE SAVANNAH, FLORIDA & WESTERN RAILWAY CO. *vs.* GOSS.

1. The evidence fully sustained a verdict in favor of the plaintiff.
2. Testimony of one of the men employed in the work to the effect that he told the superior servant in charge, before the plaintiff was injured, that he had better put a man at the place where the plaintiff got the wheels, to check them, and that if witness were injured he would "lay him out," tended to show negligence on the part of the company, and was admissible.
   April 9, 1888.

Railroads. Negligence. Evidence. Before Judge ADAMS. Chatham superior court. June term, 1887.

Reported in the decision.

CHISHOLM & ERWIN, for plaintiff in error.

R. R. RICHARDS, *contra*.

BLANDFORD, Justice.

Goss brought his action against the railway company for damages, which he alleged he had sustained by reason of the defendant's carelessness and negligence.

1. It appears from the evidence in the record that Goss was employed, together with other laborers, in rolling trucks, or car-wheels connected by axles, upon a tempo·rary track into the company's machine shop, for the purpose of being altered so as to conform. to the standard gauge of the railroads. These wheels were rolled by different gangs of men, all of whom were under the superintendence of one Dillon. One portion of the men placed the wheels on the track, and the others rolled them to the shop, and to one of the latter gangs the plaintiff belonged. This track for some distance was inclined, so that the wheels would roll down of their own momentum, unless they were " scotched " or " cut," as they termed it. While Goss was thus employed, and when he had reached the bottom of this incline with the wheels he was conducting, other wheels rolled down upon him from behind, and crushed his foot. Kelly, one of the witnesses, testified that a short time before this occurred, he (Kelly) had said to Dillon, the man in charge of the gangs, that he had better put a man there to check the wheels in order to prevent any injury of this kind; that if the wheels should injure him, he (Kelly) would " lay him out "; that there had been a man stationed at this point for that purpose, but he was not there at the time the injury took place, Dillon having ordered him away. Smith, another witness, testified that he heard Kelly tell Dillon " not to take that man away from there, else somebody would be hurt." Goss, the plaintiff, testified that when he took hold of the pair of wheels he was guiding at the time he was hurt, there were no other wheels behind him on the track, and that there was no one in charge of the wheels that struck him. · There was some conflict in the testimony, but this was properly left by the court to the jury. The jury found a verdict in favor of Goss, assessing the damages at $1,500. The company moved for a new trial, upon the grounds that the verdict was contrary to law and to the evidence, and upon the further ground " that the court admitted in

evidence, over the defendant's objection, the testimony of Kelly to the effect that he told Dillon, before Goss was injured, that he had better put a man at the place where Goss got the wheels, to check them, and that if he (Kelly) was injured he would lay him out." These are the only grounds of the motion.

2. Even if the admission of this testimony, as complained of, were error, we would not be inclined to reverse the judgment of the court below in refusing a new trial. But we do not think it was error; because this testimony tended to show negligence on the part of the company, in not having a man stationed at the point indicated so as to prevent the wheels from rolling down upon persons engaged at work on the track beyond; and the testimony was, therefore, properly admitted.

The evidence, we think, abundantly sustains the verdict. Judgment affirmed.